**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**(EASTERN DIVISION)**

| | |
|---|---|
| LAZENIA ADAMS,<br>                    Plaintiff,<br><br>v.<br><br>FORD MOTOR CREDIT COMPANY, LLC;<br>and EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br>                    Defendants. | Case No.:<br><br>**COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL**<br><br>    1.  **FCRA, 15 USC §1681** *et seq.* |

Plaintiff Lazenia Adams ("Plaintiff"), through Plaintiff's attorneys, alleges the following against Defendants Ford Motor Credit Company, LLC ("Ford") and Experian Information Solutions, Inc. ("Experian"):

## INTRODUCTION

1.      Plaintiff's Complaint alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. against Defendant Experian, a consumer reporting agency, for reporting inaccurate information on Plaintiff's credit report.

2.      Plaintiff's Complaint also alleges violations of the FCRA, against Defendant Ford for failing to conduct a reasonable reinvestigation after receiving notice of Plaintiff's dispute from Defendant Experian.

## JURISDICTION AND VENUE

3.      The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681.

4.      Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

5.      Defendants transact business here; as such, personal jurisdiction is established.

## PARTIES

6.      Plaintiff Lazenia Adams is a natural person residing in the city of Chicago in Cook County, Illinois.

7.      Plaintiff is a *consumer* as defined by the FCRA, 15 U.S.C. §1681a(c).

8.      Defendant Ford is a financial institution engaged in the business of giving credit and collecting debt. Ford is also a *furnisher*, as defined in 15 U.S.C. § 1681s-2. Upon information and belief, Ford is regularly engaged in the business of furnishing credit information to the credit reporting agencies. Ford is headquartered at One American Rd Whq Rm 612, Dearborn, MI, 48126. Ford can be served through their registered agent, CT Corporation System, located at 208 S LaSalle St., Suite 814, Chicago, IL 60604.

9.      Defendant Experian is a *credit reporting agency,* as defined in 15 U.S.C. § 1681a(f)). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Experian's principal place of business is located at 475 Anton Boulevard, Costa Mesa, California 92626.

10.      Upon information and belief, Defendant Experian and non-parties Equifax and Trans Union (referenced together as "credit reporting agencies" or "CRAs") disburse *consumer reports* to third parties under contract for monetary compensation.

2

11.     At all relevant times, Defendants Ford and Experian acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

12.     Any violation by Defendants was not in good faith, was knowing, negligent, willful, and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## **FACTUAL ALLEGATIONS**

13.     Defendant Experian reports consumer information about Plaintiff and other consumers through the sale of consumer reports (credit reports).

14.     Defendant Experian's credit reports generally contain the following information: (i) *Header/Identifying Information*: this section generally includes the consumer's name, current and prior addresses, date of birth, and phone numbers; (ii) *Tradeline Information*: this section pertains to consumer credit history, and includes the type of credit account, credit limit or loan amount, account balance, payment history, and status; (iii) *Public Record Information*: this section typically includes public record information, such as bankruptcy filings; and (iv) *Credit Inquiries*: this section lists every entity that has accessed the consumer's file through a "hard inquiry" (i.e., consumer-initiated activities, such as applications for credit cards, to rent an apartment, to open a deposit account, or for other services) or "soft inquiry" (i.e., user-initiated inquiries like prescreening).

15.     Defendant Experian gains access to consumer information from various sources, including furnishers who provide consumer information to Defendants, and information Defendants independently source themselves or through third party providers/vendors or repositories, including computerized reporting services like PACER.

16.     The information reported by Defendant Experian contributes to consumer creditworthiness, including their FICO Scores, which are calculated using information contained in Defendant's consumer credit reports.

17.     The vast majority of financial services lenders (e.g., banks, creditors, lender) rely upon credit reports, FICO Scores and other proprietary third-party algorithms – "scoring" models – to interpret the information in a credit report.

18.     These algorithms use variables or "attributes" derived from the credit report to calculate a "credit score," which ultimately determines consumer creditworthiness.

19.     FICO Scores factor the following: Payment history (35%); Amount of debt (30%); Length of credit history (15%); New credit (10%); and Credit mix (10%).

20.     Payment history refers to whether a consumer has paid his or her bills in the past, and whether these payments have been timely, late or missed.

21.     The more severe, recent, and frequent late payments are, the greater the harm to the FICO Score.

22.     In factoring the severity of delinquent payments, a FICO Score considers how late the payment continues to be, how much is owed, how recently this occurred, and how many delinquent accounts exist. However, once a delinquent account has been remedied the longer the account stays current the more a consumer's FICO Score should increase.

23.     Defendant Experian obtained and reported Plaintiff's consumer bankruptcy information in both the Public Records section of her consumer credit report, as well as individual account tradelines.

24.     Defendant Experian is well aware that the effect of a discharge Order in a Chapter 7 Bankruptcy is to discharge all statutorily dischargeable debts other than those that have been reaffirmed in a reaffirmation agreement or successfully challenged in an adversary proceeding.

25.     Defendant Experian is also aware of the effect of a reaffirmation of debt, which excludes the debt from the bankruptcy discharge and the consumer remains liable for the debt and continued payments on the debt.

26.     Information regarding whether a debt has been reaffirmed or successfully challenged through an adversary proceeding is retrievable from the same sources Defendants obtain the bankruptcy case information, as well as from information provided to Defendant from furnishers of account/tradeline information.

27.     Rather than following reasonable procedures to assure maximum possible accuracy, Defendant Experian inaccurately reports information regarding pre-bankruptcy debts even if that information ignores or contradicts information already known by Defendant, information provided by furnishers of account/tradeline information, and/or information contained in public court records that Defendant has obtained through its independent efforts, or could easily obtain through the same reasonably available public records.

28.     Defendant Experian is on continued notice of its inadequate post-bankruptcy reporting procedures, including pertaining to account and payment statuses, through the thousands of lawsuits and FTC and Consumer Financial Protection Bureau complaints filed against it for its inaccurate reporting following a consumer bankruptcy.

29.     In or around January 2016, Plaintiff obtained an auto loan from Ford Motor Credit ("the Account").

5

30.     On or about February 5, 2020, Plaintiff filed for a voluntary bankruptcy under Chapter 7 of Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois, petition number 20-03312.

31.     On or about April 20, 2020, Plaintiff reaffirmed Plaintiff's obligations under the Account, whereby Plaintiff remained personally liable/responsible for continued payment on the Account. The Account was therefore not included in Plaintiff's bankruptcy discharge.

32.     Plaintiff received a discharge in bankruptcy court on or about May 27, 2020.

33.     Plaintiff filed for bankruptcy and reaffirmed the Account to rebuild and improve her credit.

34.     After Plaintiff's bankruptcy was discharged, Plaintiff was eager to obtain a "fresh start."

35.     Sometime after Plaintiff's bankruptcy discharge, Plaintiff obtained her Experian, Equifax, and Trans Union consumer credit reports to ensure that her credit account tradelines and bankruptcy were being reported accurately.

36.     Plaintiff learned Defendant Experian and non-parties Equifax and Trans Union were inaccurately reporting Plaintiff's reaffirmed Account as having been included in Plaintiff's bankruptcy, and subject to bankruptcy coding that conveys to creditors/lenders that the account was discharged or non-current/non-paid even though Plaintiff continued to make ongoing payments on the Account.

37.     Before filing for bankruptcy, Plaintiff never missed a payment on the Account. Plaintiff has continued to make timely payments on the Account and is current on all payments to date on the Account.

38.     Plaintiff reaffirmed the Account during bankruptcy, remaining personally liable for the obligation and the Account (debt) was indisputably not discharged. Plaintiff did this to maintain some of her credit history and to rebuild/re-establish credit through timely monthly payments on the reaffirmed Account.

39.     However, when Plaintiff pulled her credit reports, Plaintiff discovered that Defendant Experian and non-parties Equifax and Trans Union were not reporting the Account's accurate payment history despite reaffirmation of the debt.

40.     Defendant Experian's reporting was therefore patently false and materially misleading; as the Account was reaffirmed and not discharged by Plaintiff's bankruptcy and Plaintiff continued to make timely monthly payments on the Account. As reported, Defendant fails to report the accurate payment history and ongoing payments, and/or reports inaccurate payment statuses that indicate that the Account was included in and/or discharged in bankruptcy, instead of its true status of reaffirmed and the actual payments on the Account.

41.     On or about October 27, 2020, Plaintiff sent letters to Experian, Equifax, and Trans Union disputing their inaccurate reporting of the Account.

42.     The letters specifically advised that Plaintiff did not include the Account in her bankruptcy, remained personally obligated for the Account, and continued to make regular payments on the Account.

43.     Upon information and belief, Experian, Equifax, and Trans Union received Plaintiff's dispute letters.

44.     Upon information and belief, Experian, Equifax, and Trans Union forwarded Plaintiff's disputes to Ford within 5 business days of receipt.

45.     Non-parties Trans Union and Equifax updated the Ford tradeline to indicate that the Account had been reaffirmed – not discharged – in Plaintiff's bankruptcy and reported Plaintiff's positive payment history.

46.     Defendant Experian did not respond to Plaintiff's dispute letter. Experian continued to report the Account as "Account included in bankruptcy."

47.     Upon information and belief, Experian did not investigate Plaintiff's dispute and merely forwarded an automated dispute form to Ford. Rather than perform an investigation based on Plaintiff's dispute, reasonably available public records, and information known by Experian through Plaintiff's reported payment history regarding on the Account, Experian merely parroted information furnished by Ford despite awareness that the information was factually inaccurate and conflicted with information known by Experian.

48.     Upon information and belief, Ford failed to conduct a reasonable investigation after receiving notice of Plaintiff's dispute from Experian. Ford failed, among other things, to review all relevant information regarding the dispute or ignored this information. Consequently, Ford continued to furnish inaccurate data to Defendant Experian despite knowledge of Plaintiff's dispute and otherwise possessing information from which Ford should have reported accurate information about the Account.

49.     As a result of Defendants' conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, anguish, and emotional and mental pain.

50.     Upon information and belief, had Defendant Experian accurately reported the Account as a positive account with a positive payment history, Plaintiff's credit score and credit worthiness would have been better.

51.     Defendants' conduct exacerbated Plaintiff's frustration during the already stressful post-bankruptcy period by hindering Plaintiff's ability to rebuild Plaintiff's credit.

52.     Upon information and belief Plaintiff applied for credit with Capital One was denied credit due to Defendants' inaccurate reporting which was published to Capital One in their review of Plaintiff's application.

## COUNT I
### Defendant Experian
### (Violations of the FCRA, 15 U.S.C. § 1681 et seq)

53.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54.     The FCRA requires credit reporting agencies, like Experian, to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

55.     Defendant violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information included in Plaintiff's credit file/report, and also by failing to report accurate information when placed on notice that the information Defendant is reporting is inaccurate, and/or otherwise contradicted by information known by Defendant or reasonably available to Defendant.

56.     Defendant knew or should have known of its obligations under the FCRA. These obligations are well established by the plain language of the FCRA, in promulgations of the Federal Trade Commission, well-established case law, and in prior cases involving Defendant from which Defendant is on notice of their unreasonable procedures concerning the reporting of debts during and after bankruptcy, including reaffirmed debts.

57.     Upon information and belief, Defendant Experian regularly conducts voluntary public records searches with the intention of including bankruptcy information on the credit reports it sells to other parties.

58.     Upon information and belief, Defendant Experian voluntarily conducts public records searches and obtains information about Plaintiff's bankruptcy filing and bankruptcy discharge.

59.     The diligence Defendant Experian exercises in recording consumer bankruptcy filings is not replicated in its reporting of the effect of bankruptcy proceedings and orders upon certain accounts, including, the status of accounts that are reaffirmed, despite Defendant's knowledge thereof.

60.     Consequently, Defendant Experian routinely reports inaccurate, incomplete, outdated, and materially misleading information about Plaintiff, without verifying the accuracy of this information, or updating this information as required by § 1681(e)(b) when Defendant possesses information inconsistent with the reported information, and possesses information establishing that the reported information is in fact inaccurate.

61.     Defendant therefore negligently and/or willfully violated 15 U.S.C. § 1681e(b) by failing to use reasonable procedures to assure maximum possible accuracy of information pertaining to Plaintiff.

62.     Defendant inaccurately reported Plaintiff's reaffirmed Account as included in Plaintiff's bankruptcy when Plaintiff continued to make timely payments on the Account, and remained liable for the Account, which was excluded from her discharge.

63.     The inaccurate reporting of Plaintiff's information has caused Plaintiff to suffer from stress, anxiety, headaches, frustration, and emotional and mental pain and anguish, a

decreased credit score. Moreover, the inaccurate reporting of Plaintiff's Account has deprived Plaintiff of credit opportunities and resulted in credit denials.

64.     Even after Plaintiff notified Defendant of the inaccurate information it included in Plaintiff's credit file, Experian continued to inaccurately report the reaffirmed Account as "included in bankruptcy."

65.     When a consumer disputes the accuracy or completion of information included in a CRA's credit file, the FCRA requires the agency to either conduct a reasonable reinvestigation into the disputed information **or** delete the disputed information from the consumer's credit file within thirty (30) days of receiving notice of the dispute. 15 U.S.C. § 1681i(a)(2)(A).

66.     When conducting its reinvestigation of disputed information in a consumer report, the credit reporting agency is required to "review and consider all relevant information submitted by the consumer."

67.     Additionally, the CRA must notify the person who furnished the disputed information of the consumer's dispute within five business days of its receipt. When notifying the furnisher of the consumer's dispute, the CRA is to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A).

68.     Thus, in addition to violating the FCRA by failing to follow reasonable procedures, Defendant additionally violated the FCRA by failing to perform a reasonable reinvestigation of the disputed Account even after Plaintiff notified Defendant of the inaccurate information reported in Plaintiff's credit file.

69.     Defendant Experian's violations of 15 U.S.C. § 1681i include, but are not limited to the following:

    i.    Failing to reasonably reinvestigate the inaccurate information Plaintiff disputed.

ii.     Failing to consider all relevant information while investigating Plaintiff's dispute.

iii.     Failing to include all relevant information when notifying Ford of Plaintiff's dispute.

70.     Instead of reasonably reinvestigating Plaintiff's dispute, Defendant Experian continued to report the reaffirmed Account as "included in bankruptcy."

71.     Defendant's acts, as described above, were done willfully and knowingly; or, alternatively were negligent.

72.     As a result of the foregoing violations of the FCRA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorneys' fees and costs, as described herein and as allowable by law.

## COUNT II
### Defendant Ford
### (Violations of the FCRA, 15 U.S.C. § 1681s-2(b))

73.     Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

74.     The FCRA requires that furnishers of information like Ford to conduct an investigation with respect to disputed information, review all relevant information, and report the results of the investigation to the credit reporting agency. If the investigation reveals the information is incomplete or inaccurate, report those results to all credit reporting agencies to which the furnisher has provided the inaccurate information.

75.     Ford knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA, in the promulgations of the Federal Trade Commission, and in well-established case law. Ford obtained or had available substantial written materials that apprised them of its duties under the FCRA. Despite knowing

these legal obligations, Ford acted consciously in breaching its known duties and deprived Plaintiff

of his rights under the FCRA.

76.     Plaintiff disputed the Ford tradeline through all three national CRAs: Defendant

Experian and non-parties Equifax, and Trans Union.

77.     Thereafter, the credit reporting agencies forwarded Plaintiff's dispute to Ford,

notifying Ford that Plaintiff was disputing the information it had furnished about the Account.

78.     Ford received notice of Plaintiff's dispute and failed to reasonably investigate or

otherwise take corrective measures despite possessing all relevant knowledge regarding the

dispute.

79.     Ford continues to furnish inaccurate information about Plaintiff to Experian, even

though Ford possessed all relevant information about the Account and the inaccuracy that Plaintiff

disputed.

80.     The inaccurate Ford account materially and adversely affects Plaintiff's credit

standing.

81.     On at least one occasion within the past two years, by example only and without

limitations, Defendant Ford violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly

investigate Plaintiff's dispute to Experian.

82.     Ford violated sections 15 U.S.C. §§ 1681n and 1681o of the FCRA by engaging in

willful and negligent noncompliance of 15 U.S.C. § 1681s-2(a), (b), and engaging in conduct that

violates 15 U.S.C. § 1681s-2(a), (b), including:

> (a)     Willfully and negligently failing to conduct an investigation of Plaintiff's
> dispute, despite possessing knowledge, information, and records to
> substantiate Plaintiff's dispute;

13

(b)     Willfully and negligently failing to review all relevant information concerning Plaintiff's dispute;

(c)     Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;

(d)     Willfully and negligently failing to report to the CRAs that the disputed information is indeed inaccurate;

(e)     Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all consumer reporting agencies concerning the inaccurate information disputed by Plaintiff;

(f)     Willfully and negligently continuing to furnish and disseminate inaccurate credit, account and other information concerning the Plaintiff to the consumer reporting agencies despite actual knowledge of the falsity of the reported information; and

(g)     Willfully and negligently failing to comply with the requirements for furnishers of information enumerated in 15 U.S.C. § 1681s-2(b).

83.     Ford unreasonably refused to take corrective measures required by the FCRA to correct and/or update Plaintiff's consumer information furnished to the national consumer reporting agencies.

84.     Ford is a direct and proximate cause, as well as substantial factors in causing damage and harm to Plaintiff.

85.     Consequently, Ford is liable to Plaintiff for the full amount of statutory, actual and punitive damages, as described herein and as allowable by law. Additionally, Plaintiff is entitled to Plaintiff's attorneys' fees and costs, as well as other such relief permitted by 15 U.S.C. § 1681n and § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Lazenia Adams respectfully requests judgment be entered against Defendants for the following:

A.   Declaratory judgment that Defendants violated the FCRA;

B.   Actual damages pursuant to 15 U.S.C. § 1681n(a)(1) or § 1681o(a)(1);

C.   Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1);

D.   Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

E.   Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

F.   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G.   Any other relief that this Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

//

Respectfully submitted this 20th day of January 2021.

/s/Syed Hussain
Syed H. Hussain, Esq.
Bar Number: Illinois 6331378
Price Law Group, APC
440 N. McClurg Ct. #803
Chicago, IL 60611
Telephone: (954) 225-4934
Email: syed@pricelawgroup.com
*Attorney for Plaintiff Lazenia Adams*